Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination



FILED
12/13/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JF

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

Eastern Division

| | | |
|---|---|---|
| Charles Hurt | ) | Case No. 1:21-cv-06511 |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | Jury Trial: *(check one)* ☑ Yes ☑ No |
| -v- | ) | |
| ScriptPro LLC | ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Charles Hurt |
| Street Address | 2230 S Kedzie Ave #2R |
| City and County | Chicago, Cook |
| State and Zip Code | Illinois, 60626 |
| Telephone Number | 773-680-9695 |
| E-mail Address | charles.hurt@yahoo.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | ScriptPro LLC |
| Job or Title *(if known)* | |
| Street Address | 5828 Reeds Rd |
| City and County | Mission, Wyandotte |
| State and Zip Code | Kansas 66202 |
| Telephone Number | 9132134602 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | ScriptPro LLC |
| Street Address | 5828 Reeds Rd |
| City and County | Mission, Wyandotte |
| State and Zip Code | Kansas, 66202 |
| Telephone Number | 9133841008 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**III.     Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.     The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [✓] Failure to hire me.
- [✓] Termination of my employment.
- [ ] Failure to promote me.
- [✓] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [✓] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s)
August 9, 2021

C.     I believe that defendant(s) *(check one)*:
- [✓] is/are still committing these acts against me.
- [✓] is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [✓] race
- [✓] color
- [ ] gender/sex
- [✓] religion
- [✓] national origin
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

E.     The facts of my case are as follows.  Attach additional pages if needed.

Page 4 of  6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See attached.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
11/03/2021

B. The Equal Employment Opportunity Commission *(check one)*:
- ☐ has not issued a Notice of Right to Sue letter.
- ☐ issued a Notice of Right to Sue letter, which I received on *(date)* 11/09/2021 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:
- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2021-12-06

Signature of Plaintiff: [signature]
Printed Name of Plaintiff: Charles Hurt

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address:

[ATTACHMENT]

RE: UNITED STATES DISTRICT COURT for the Northern District of Illinois – Eastern Division

Plaintiff(s):

Charles Hurt

VS

Defendant(s):

ScriptPro LLC

## III. Statement of Claim

### E. The facts of my case are as follows.

1. Plaintiff Charles Hurt is a multi-racial African-American, United States citizen of multi-ethnic descent from the state of Michigan, who currently resides in Chicago, IL.
2. Defendant provides pharmacies with powerful robotics, software, and financial tools to grow revenue and leverage automation.
3. Defendant is a private pharmaceutical company employing more than 700+ employees with a revenue of over $201.5 million dollars, and a corporate office site located in the Kansas City area.
4. In or around June 2021, Plaintiff applied for a Training Specialist position at Defendant.
5. In or around July 2021, Plaintiff received a verbal job offer from Defendant at a rate of $26/hr per hour, whereafter Defendant specified Plaintiff's yearly rate of pay was estimated to be in excess of $60,000, followed by a written employment agreement.
6. In or around the first half of the month of August 2021, Plaintiff was selected by Plaintiff's supervisor to have additional personal information collected from Plaintiff, related to Plaintiff's rights and identities under the Title VII of the Civil Rights Act of 1964.
7. After Defendant's collection of Plaintiff's protected information (including but not limited to, Plaintiff's religious observances and details of Plaintiff's national ethic origin), Defendant then disclosed the information with negligence in violation of Plaintiff's rights and federal law to other coworkers employed at Defendant.

8. Following conversations amongst Plaintiff's supervisor with employees from Defendant's Human Resources (HR) Department and a number of other employees at Defendant (outside of HR), Plaintiff was notified during the week of August 16, 2021 by Defendant's Human Resources Department that Defendant will no longer deploy Plaintiff to work for further employment at Defendant (despite Plaintiff being scheduled to travel for work deployment, like Plaintiff's other co-workers were allowed to continue to do in their similar position(s) as Plaintiff).
9. In Plaintiff's assigned job position, Plaintiff was employed to work in a bilingual capacity using French and English as a means of facilitating bilingual language communications.
10. Plaintiff has suffered loss of work opportunities, loss of all coverage for medical, health and dental benefits from not receiving employment benefits as outlined in job offer letter & in Defendant's employment agreement regarding employer's obligations to employees.
11. Plaintiff believes to be discriminated against because of his race, Black, color, orangish, religion, and/or national origin (American/Canadian), in violation of Title VII of the Civil Rights Act of 1964, as amended.
12. Defendant had a legal employment duty to Plaintiff which Defendant failed to adequately fulfill.
13. During the week of August 23, 2021, following Plaintiff's outreach to Defendant to inform Human Resources Department of the ongoing discriminatory activities conducted at Defendant, Defendant punished Plaintiff by ordering Plaintiff to "cease and desist" contact with any employees at Defendant.
14. Following Defendant's actions taken with malice and/or disregard towards Plaintiff, Plaintiff has not been allowed to continue work at Defendant since August 2021.
15. In accordance with Defendant's employment agreement, employees at Defendant are subject to a non-compete agreement which restricts opportunities that (former) employees at Defendant may apply for following employment.
16. Included in Defendant's employment contractual agreement, Plaintiff was guaranteed employment for a minimum of two years at Defendant.

17. Plaintiff has suffered severe emotional distress and been subject to loss wages as a result of termination from employment at Defendant.

18. According to Title VII of the Civil Rights Act of 1964, this law is a federal law that protects employees against discrimination based on certain specified characteristics: race, color, national origin, sex, and religion.

19. Under **Title VII**, an employer may not discriminate with regard to any term, condition, or privilege of employment. Areas that may give rise to violations include recruiting, hiring, promoting, transferring, training, disciplining, discharging, assigning work, measuring performance, or providing benefits.

20. Title VII applies to employers, such as Defendant, in the private sector that has 15 or more employees. Title VII is enforced by the **Equal Employment Opportunity Commission**. Defendant, having over 100 employees in the private sector, is subject to the same expectations as other public or private sector employers, in regards to the Title VII of the Civil Rights Act of 1964 as federal law.

21. No person employed by a company covered by Title VII, or applying to work for that company, can be denied employment or treated differently with regard to any workplace decision on the basis of perceived racial, religious, national, sexual, or religious characteristics.

22. Defendant is an equal opportunity employer (company).

23. Plaintiff has experienced, including but not limited to, mental anguish, loss wages, loss of benefits, reputational damage, deteriorated relationships and has had an onslaught of panic-attacks and been diagnosed with major depression connected to the events of factual nexus stemming from the discriminatory treatment perpetuated by Defendant.

24. **Defendant has additionally retaliated against Plaintiff.**

25. The **employer (Defendant)** is vicariously liable under the doctrine of respondeat superior for the wrongful conduct of its employee (Plaintiff); and (2) the **employer** (Defendant) is directly liable to the **plaintiff** because of the **employer**'s direct or indirect gross **negligence**, recklessness, wantonness or willfulness.



[ATTACHMENT]

RE: UNITED STATES DISTRICT COURT for the Northern District of Illinois – Eastern Division

Plaintiff(s):

Charles Hurt

Defendant(s):

ScriptPro LLC

RE: PAGE 5 OF **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**PRAYER OF RELIEF:**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a declaratory judgment that Defendant's termination of Plaintiff's employment (a) constitutes federal legal action as a result of being in violation of Title VII of the Civil Rights Act of 1964, and (b) violates Plaintiff's constitutional rights.

Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein. Wherein the matter in controversy, either due in whole or part to Defendant's negligence, malicious intent and/or intentional illegal actions, has adversely affected Plaintiff, Plaintiff requests monetary relief in an amount in excess of one million dollars ($1,000,000).

B. Issue injunctive relief compelling Defendant to process an award to Plaintiff in excess of the sum or value of twenty-five thousand dollars ($25,000), no later than January 31, 2022.

C. Encourage or prompt Defendant(s) to release Plaintiff from Defendant's non-compete agreement ("Covenant Not to Compete") as outlined in Defendant's employment agreement to Plaintiff.

D. Encourage or prompt Defendant(s) to train staff in accordance with EEOC guidelines for a safe, productive discrimination-free work environment.

E. Encourage or prompt Defendant(s) to implement just, enforceable concrete anti-discrimination policies into company's employment agreement in accordance with federal law.

F. Award Plaintiff attorney's fees, related costs, and expenses of all litigation in accordance with law.

G. Award Plaintiff all such other and further relief as the Court may deem just and equitable.

