UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES HURT, | |
| Plaintiff, | No. 21 C 6511 |
| v. | Judge Thomas M. Durkin |
| SCRIPTPRO LLC, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Hurt brought a claim against ScriptPro, LLC, alleging employment discrimination on the basis of race, color, religion, and national origin, in violation of Title VII of the Civil Rights Act of 1964. ScriptPro moved to dismiss for lack of personal jurisdiction, R. 21. For the reasons that follow, that motion is granted.

## Background

Hurt, an Illinois resident, applied online for a training specialist position with ScriptPro. ScriptPro is located in Kansas and has no other office locations. The position summary explained that "training specialists offer on-site and web-based training and support to pharmacy customers when new ScriptPro products are installed." R. 22 at 3. The job posting also indicated travel would be required, and applicants had to live within an hour of any major United States airport. *Id*.

ScriptPro representatives screened Hurt by telephone after he applied for the job. He later participated in a video interview. No ScriptPro employee ever traveled to Illinois during the interview process (or anytime thereafter). Hurt received a

conditional employment offer, which was contingent upon, among other things, receiving a COVID-19 vaccination. Hurt signed the offer and later told a ScriptPro supervisor that he was not vaccinated and was not willing to get vaccinated. ScriptPro informed Hurt it would not be proceeding with his employment. Hurt filed a complaint in this Court, alleging the failure to hire him was due to his race, color, religion, and national origin. ScriptPro moved to dismiss for lack of personal jurisdiction.

## Legal Standard

"A complaint need not include facts alleging personal jurisdiction. However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. SanofiSynthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The court must read the complaint "liberally, in its entirety, and with every inference drawn in favor" of the plaintiff to determine whether it has set forth a prima facie case for personal jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877-78 (7th Cir. 2006). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783.

**Analysis**

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014). The exercise of jurisdiction "must also comport with traditional notions of fair play and substantial justice." *Id.* at 492. In general, "[t]he defendant's conduct and connection with the forum state must be substantial enough to make it reasonable for the defendant to anticipate that [it] could be haled into court there." *Id.* The "constitutional touchstone" in this analysis is "whether the defendant purposefully established 'minimum contacts'" in the relevant forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

ScriptPro argues minimum contacts are missing here because the only connection to Illinois is Hurt. It included in its response an affidavit from Kelly Beck, SciptPro's Human Resources Director. R. 21-1. The Beck Affidavit states that ScriptPro maintains its headquarters in Mission, Kansas, and has no other office locations. It further explains that the job positing did not specifically target Illinois (or any state, for that matter) and any communication with Hurt was done over the phone or email. *Id.*

The Court agrees with ScriptPro that Hurt is the only Illinois connection in this case. In response to ScriptPro's argument that it lacks minimum contacts with Illinois, Hurt only argues that ScriptPro conducts business throughout the country,

3

"including in the Chicagoland area," and that ScriptPro has "subsidiaries" in Chicago. The fact that ScriptPro conducts business nationwide does not provide the Court with personal jurisdiction over it. Hurt's alleged injury did not arise out of ScriptPro's business transactions in Illinois—rather, he is alleging that he was discriminated against during the online hiring process, but none of the actions he complains of occurred in Illinois. Further, the allegation that ScriptPro has subsidiaries in Illinois appears to be baseless. Hurt's argument on this point is that ScriptPro has "charged Lathrop GPM with responsibility for monitoring and supervising its employment and litigation decisions." R. 30 at 4. But Lathrop is not a subsidiary of ScriptPro; it is the law firm retained to defend ScriptPro in this lawsuit. R. 31 at 2. The Court is not aware of any authority providing that a law firm retained to represent a defendant becomes a subsidiary of that defendant. Hurt makes no other arguments related to personal jurisdiction, nor has he submitted any affirmative evidence in response to the Beck Affidavit which would provide the Court with jurisdiction.

Hurt "cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Rather, "it is the defendant's conduct that must form the necessary connection with the forum state that is the basis for its jurisdiction over [the defendant]." *Id*. Without more connections beyond Hurt's residence in the state, the Court cannot say that ScriptPro engaged in enough conduct in Illinois to form a basis for personal jurisdiction.

## Conclusion

For the foregoing reasons, ScriptPro's motion to dismiss for lack of personal jurisdiction, R. 21, is granted, and Hurt's claims are dismissed without prejudice. If Hurt believes he can cure the deficiencies identified in this opinion, Hurt may not immediately file an amended complaint. Rather, he may file a motion for leave to file an amended complaint. The motion should be accompanied by a brief of no more than five pages explaining the amendments, and attaching a redlined proposed amended complaint. Any such motion must be filed by September 22, 2022. Hurt should contact the Courtroom Deputy by September 8, 2022, to inform the Court whether he intends to file such a motion or whether the case can be closed.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
Dated: September 1, 2022                United States District Judge